ORIGINAL

FILED
SEP 3 0 2005
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **K-CON BUILDING SYSTEMS, INC.,** <br> **Plaintiff,** <br> **vs.** <br> **UNITED STATES OF AMERICA,** <br> **DEPARTMENT OF HOMELAND SECURITY,** <br> **UNITED STATES COAST GUARD,** <br> **Defendant.** | **No.:** 05-1054C <br> **Judge:** ____________ |

**COMPLAINT**

The Plaintiff, K-Con Building Systems, Inc. (hereinafter "K-Con") complains of the Defendant herein as follows:

**JURISDICTIONAL and FACTUAL ALLEGATIONS**

1. K-Con is a corporation organized and existing under the laws of the State of South Carolina and at all times relevant herein was in the business of construction, including construction of metal buildings.

2. The Defendant, the United States of America, is a Defendant in this action by virtue of the actions and omissions of its agency and instrumentality, the Department of Homeland Security, United States Coast Guard (hereinafter the "Coast Guard").

3. This Court has jurisdiction over this matter pursuant to 41 U.S.C. § 609.

4. K-Con has timely and properly pursued and exhausted all administrative remedies prior to instituting this action.

5. This case involves a contract for the design and construction of a prefabricated metal

building for use as a cutter support building for the United States Coast Guard in Port Huron, Michigan, under Contract No. DTCG47-03-F-3EFK24 (GSA Contract No. GS-07F-0216L) (hereinafter the "Contract").

6. The Contract generally required K-Con to design and build a prefabricated metal building for the Coast Guard to be constructed in Port Huron, Michigan. During the course of the design and construction, the Coast Guard changed and modified the Contract in among other ways, by failing to properly review and approve drawings submitted by K-Con, and directing K-Con to perform additional work that was not required by the Contract.

7. The Coast Guard failed to extend the Contract as a result of its actions, or inactions, and as required by the Contract because of the changes to the work directed by the Coast Guard.

8. Despite the Coast Guard's actions, K-Con continued performance of the Contract as directed by the Coast Guard.

9. By letter dated July 28, 2005, K-Con submitted a claim and demand for remission of liquidated damages to the Coast Guard, and requested a contracting officer's final decision.

10. On September 12, 2005, the Coast Guard issued a final contracting officer's decision (Exhibit 1 attached hereto) denying K-Cons' claim and demand for remission of liquidated damages.

11. The assessment and withholding liquidating damages was improper and without cause.

**WHEREFORE**, K-Con prays for judgment against the Coast Guard finding that: (1) the assessment of liquidated damages by the Coast Guard was improper and without cause; (2) K-Con is entitled to remission of liquidated damages and payment of $109,554.00; (3) K-Con is entitled to interest on the amount withheld as liquidated damages; (4) K-Con is entitled to attorney's fees, and

for such other and further relief as this Court deems just and proper.

**PEDERSEN & SCOTT, P.C.**

William A. Scott, Esquire
775 St. Andrews Blvd.
Charleston, South Carolina 29407
(843) 556-5656
Fax (843) 556-5635
ATTORNEY FOR PLAINTIFF,
K-CON BUILDING SYSTEMS, INC.

Dated this 27 day of September, 2005.

U.S. Department of Homeland Security
United States Coast Guard

Commanding Officer
United States Coast Guard
Facilities Design & Construction Center
(Atlantic)

5505 Robin Hood Rd., Suite K
Norfolk, Virginia 23513-2431
Staff Symbol:
Phone: (757) 852-3449
FAX: (757) 852-3495

RECEIVED SEP 12 2005

4200
Ser. No: 0621K
September 12, 2005

PK ______ P/A Melissa
EC ✓ SALES ______
PM ______ ESTIM ______
SUP ______ OTHER ______
ACCTG ______

CERTIFIED MAIL RETURN RECEIPT REQUESTED

K-Con Building Systems
2728 Spruill Ave
Charleston, SC 29405

Re: Contract No. DTCG47-03-F-3EFK24, Design and Construct Prefabricated Cutter Support Building, Port Huron, MI

Dear Mr. Stewart:

CONTRACTING OFFICER'S FINAL DECISION

Reference is made to your claim dated July 28, 2005 in the amount of $118,950.68.

On January 20, 2004, Contract July 10, 1991, Contract No. DTCG47-03-F-3EFK24 was entered into between your company and the Government for Design and Construct Prefabricated Cutter Support Building, Port Huron, MI. The contract award price was $582,641.00 with a contract completion date of November 20, 2004.

SUMMARY OF CLAIM

Your claim letter of July 28, 2005, received via fax, demands payment of $118,950.68 plus interest for failure to pay invoice 12 and assessment of liquidated damages

FINDINGS OF FACT

In connection with your claim, I hereby make the following findings of fact:

Throughout the Request for Proposal and contract award stage of the procurement process, Paragraph H.8 Liquidated Damages was included in the contract specifications. Never during clarification discussions and contract negotiations did you question the use of the Liquidated Damages Clause. In our forbearance letter of November 16, 2004 you were reminded that you would be assessed Liquidated Damages if all work was not completed by November 20, 2004. In response to your email of December 6, 2004 questioning use of the Liquidated Damages clause, we responded by letter dated December 7, 2004. We advised you that we had no record of any "exception" being taken by you regarding the Liquidated Damage clause being included in the contract requirements. You were also reminded that once the contract was awarded, you were bound by all the contract requirements including the Liquidated Damages clause. Our records indicate you were the sole cause of missing the contract completion date. Our records

[redacted]

show you were notified via email on September 7, 2004 that your 90% submittal was incomplete. On October 19, 2004 we issued a letter of concern regarding your progress on the project and your submittal submission issues. On November 16, 2004 our letter to you acknowledged your progress schedule which showed a late completion date of December 28, 2004. During the month of November there were numerous conversations, emails, and letters regarding when you would submit your 90% submittal. I have no documentation showing a government delay in this matter. In addition, your email on December 28, 2004 requested time due to winter conditions. We responded the same day via email that in order for us to consider your request you had to provide information on the cause of the delay, impact of the delay, and show that the weather conditions were severe in comparison with the normal expected weather during this time period. You were also cautioned that weather impacts were not applicable if the events occurred after the November 20, 2003 contract completion date. Our records indicate you did not submit information as requested.

Invoice 12 dated March 31, 2005 was returned to you unprocessed because the Liquidated Damage assessment was for 131 days totaling $77,159.00. Remaining work to be performed totaled more than the remaining invoice balance. Invoice 13 dated April 30, 2005 was submitted in the exact amount as returned invoice number 12. Invoice 13 was certified in the amount of $25,000.00 for outstanding work completed. On May 26, 2005 we took substantial completion of the facility and Liquidated Damages stopped. My records indicate that your total contract value is $ 529,271.47 of which $412,885.62 has been paid to you. A total of 186 days of liquidated damages have been assessed totaling $109,554.00 leaving a balance payable upon receipt of proper invoice totaling $6,831.85.

## DECISION

Based on the above findings, there is no evidence to support your claim. You have provided no information showing why you are not responsible for the delay. Moreover, we are not aware of any event or occurrence that would excuse your later performance. Therefore, it is my final decision to deny your claim as it relates to this issue. I do not intend to reopen or reconsider this matter.

This is the final decision of the Contracting Officer. You may appeal this decision to the agency board of contract appeals. If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the agency board of contract appeals and provide a copy of the Contracting Officer from whose decision this appeal is taken.

The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number. With regard to appeals to the agency board of contract appeals, you may, solely at your election, proceed under the board's small claim procedure for claims of $50,000 or less or its accelerated procedure for claims of $100,000 or less. Instead of appealing to the agency board of contract appeals, you may bring an action directly to the United States Court of Federal Claims (except as provided in the Contract Disputes Act of 1978, 41 U.S.C. 603, regarding Maritime Contracts) within 12 months of the date you receive this decision.

Sincerely,

CATHY BROUSSARD
Contracting Officer