IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| K-CON BUILDING SYSTEMS, INC., Plaintiff, | ) | No. 05-1054C |
| v. | ) | (Judge Block) |
| THE UNITED STATES, Defendant. | ) | |

DEFENDANT'S ANSWER AND COUNTERCLAIM

For its answer to the complaint of plaintiff K-Con Building Systems, Inc. ("KCON"), defendant, the United States, admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

2. Admits the allegation contained in paragraph 2 that defendant is the United States and that the Department of Homeland Security and the United States Coast Guard ("Coast Guard") are agencies of the United States; otherwise denies the allegations contained in paragraph 2.

3. The allegations contained in paragraph 3 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. The allegations contained in paragraph 4 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

5. Admits the allegation contained in paragraph 5 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 6. The allegations contained in the second sentence of paragraph 6 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

7. The allegations contained in paragraph 7 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

8. The allegations contained in paragraph 8 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

9. Admits the allegation contained in paragraph 9 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. Admits the allegation contained in paragraph 10 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. The allegations contained in paragraph 11 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

12. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 11, or to any relief whatsoever.

13. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

14. Plaintiff's claims are barred by the doctrine of payment insofar as plaintiff has received payment and has been fully compensated according to the terms and conditions of the contract.

15. Plaintiff’s claims are barred by the doctrine of accord and satisfaction.

16. Plaintiff’s claims are barred by the doctrine of waiver.

17. Plaintiff’s claims are barred by the doctrine of release.

18. Plaintiff's claims are barred by the doctrine of assumption of the risk.

DEFENDANT'S COUNTERCLAIM

19. Jurisdiction for this counterclaim is provided by 28 U.S.C. §§ 1503 and 2508.

20. The contract between plaintiff and the United States, as modified, required that plaintiff deliver the cutter support building on or on November 20, 2004.

21. On March 23, 2005, defendant inspected plaintiff's construction work on the cutter support building and found that the building was not substantially complete.

22. Defendant later re-inspected plaintiff's work on the cutter support building and determined that plaintiff's building was substantially complete on May 23, 2005.

23. The contract provides that the Government is entitled to receive liquidated damages pursuant to 48 C.F.R. § 52.211-12 for each day past the contract delivery date for the cutter support building up until work is completed or accepted.

24. Plaintiff failed to deliver the cutter support building on time and in accordance with the contract terms.

25. Liquidated damages specified in the contract are $589.00 for each day past the contractual delivery date.

26. The contracting officer's September 12, 2005 final decision provides that the plaintiff is liable for a total of 186

days of liquidated damages at the rate specified in the contract of $589.00 for each calendar day, for a total of $109,554.00.

27. The contracting officer's final decision states that the Government determined the building was substantially complete on May 26, 2005. Because the building was determined to be substantially complete on May 23, 2005, the total number of days that liquidated damages should have been assessed was 183 days. Accordingly, the total amount of liquidated damages owed by plaintiff is $107,787.

28. The Government has withheld approximately $106,347 from payments to KCON, representing a portion of the liquidated damages owed the Government.

29. Plaintiff owes the Government $1,440 in liquidated damages.

WHEREFORE, defendant requests that the Court enter judgment in favor of defendant for liquidated damages in the amount of $1,440, plus interest as provided by law, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Bryant G. Snee
BRYANT G. SNEE
Assistant Director

OF COUNSEL:

AUDREY ROH
Department of Homeland Security
U.S. Coast Guard

s/ David B. Stinson
DAVID B. STINSON
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L St.
Washington, D.C. 20530
Tele: (202) 307-0163
Fax: (202) 514-8624

January 25, 2006

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on January 25, 2006, a copy of the foregoing "DEFENDANT'S ANSWER AND COUNTERCLAIM" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ David B. Stinson
DAVID B. STINSON