IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **K-CON BUILDING SYSTEMS, INC.,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**UNITED STATES OF AMERICA,**<br>**DEPARTMENT OF HOMELAND SECURITY,**<br>**UNITED STATES COAST GUARD,**<br><br>**Defendant.** | **No.: 05-1054C**<br>**(Judge Block)** |

## AMENDED COMPLAINT

The Plaintiff, K-Con Building Systems, Inc. (hereinafter "K-Con") complains of the Defendant herein as follows:

## JURISDICTIONAL and FACTUAL ALLEGATIONS

1. K-Con is a corporation organized and existing under the laws of the State of South Carolina and at all times relevant herein was in the business of construction, including construction of metal buildings.

2. The Defendant, the United States of America, is a Defendant in this action by virtue of the actions and omissions of its agency and instrumentality, the Department of Homeland Security, United States Coast Guard (hereinafter the "Coast Guard").

3. This Court has jurisdiction over this matter pursuant to 41 U.S.C. § 609.

4. K-Con has timely and properly pursued and exhausted all administrative remedies prior to instituting this action.

5. This case involves a contract for the design and construction of a prefabricated metal

building for use as a cutter support building for the United States Coast Guard in Port Huron, Michigan, under Contract No. DTCG47-03-F-3EFK24 (GSA Contract No. GS-07F-0216L) (hereinafter the “Contract”).

6. The Contract generally required K-Con to design and build a prefabricated metal building for the Coast Guard to be constructed in Port Huron, Michigan. During the course of the design and construction, the Coast Guard changed and modified the Contract in among other ways, by failing to properly review and approve drawings submitted by K-Con, and directing K-Con to perform additional work that was not required by the Contract.

7. The Coast Guard failed to extend the Contract as a result of its actions, or inactions, and as required by the Contract because of the changes to the work directed by the Coast Guard.

8. Despite the Coast Guard’s actions, K-Con continued performance of the Contract as directed by the Coast Guard.

9. By letter dated July 28, 2005, K-Con submitted a claim and demand for remission of liquidated damages to the Coast Guard, and requested a contracting officer’s final decision.

10. On September 12, 2005, the Coast Guard issued a final contracting officer’s decision (Exhibit 1 attached hereto) denying K-Cons’ claim and demand for remission of liquidated damages.

11. On December 15, 2006, K-Con submitted a claim and demand for payment of $196,126.38 and an extension of 186 days as a result of changes directed by the Coast Guard.

12. On January 17, 2007, the Coast Guard issued a final contracting officer’s decision (Exhibit 2 attached hereto) denying K-Cons’ claim and demand in its entirety.

13. The assessment and withholding liquidating damages was improper and without cause.

14. The Coast Guard cannot state what specific dates K-Con was the sole cause of any alleged delays to the Contract.

15. Any delays to the Contract that were allegedly caused by K-Con are concurrent with delays to the Contract caused by the Coast Guard.

16. K-Con was not contractually obligated to perform any additional work to the Contract without first receiving either a bilateral modification or unilateral modification from the Coast Guard; however, the Coast Guard directed K-Con to perform additional work without any such modifications, and without the Coast Guard extending the Contract as required by the changes clause of the Contract.

17. The Coast Guard failed to conduct any meaningful analysis of the impact and delays on the Contract caused by the additional work and the actions or inactions of the Coast Guard on the work being performed by K-Con.

18. K-Con is entitled to additional compensation and an extension to the contract as a result of changes directed by the Coast Guard.

**WHEREFORE**, K-Con prays for judgment against the Coast Guard finding that: (1) K-Con is entitled to payment of approximately $196,126.38 and an extension of 186 days as a result of changes to the Contract directed by the Coast Guard; (2) the assessment of liquidated damages by the Coast Guard was improper and without cause; (3) K-Con is entitled to remission of liquidated damages and payment of $109,554.00 withheld for liquidated damages; (4) K-Con is entitled to interest on the amount withheld as liquidated damages and on the additional amount for directed changes; (5) K-Con is entitled to attorney's fees, and for such other and further relief as this Court deems just and proper.

**PEDERSEN & SCOTT, P.C.**

S/William A. Scott
William A. Scott, Esquire
775 St. Andrews Blvd.
Charleston, South Carolina 29407
(843) 556-5656
Fax (843) 556-5635
ATTORNEY FOR PLAINTIFF,
K-CON BUILDING SYSTEMS, INC.

Dated this __16th____ day of __March__, 2007.