U.S. Department of Homeland Security
United States Coast Guard

Commanding Officer
United States Coast Guard
Facilities Design & Construction Center
(Atlantic)

5505 Robin Hood Rd., Suite K
Norfolk, Virginia 23513-2431
Staff Symbol:
Phone: (757) 852-3449
FAX: (757) 852-3495

RECEIVED SEP 12 2005

4200
Ser. No: 0621K
September 12, 2005

PK ____ P/A Melissa
EC ✓ SALES ____
PM [signature] ESTIM ____
SUP ____ OTHER ____
ACCTG ____

CERTIFIED MAIL RETURN RECEIPT REQUESTED

K-Con Building Systems
2728 Spruill Ave
Charleston, SC 29405

Re: Contract No. DTCG47-03-F-3EFK24, Design and Construct Prefabricated Cutter Support Building, Port Huron, MI

Dear Mr. Stewart:

## CONTRACTING OFFICER'S FINAL DECISION

Reference is made to your claim dated July 28, 2005 in the amount of $118,950.68.

On January 20, 2004, Contract July 10, 1991, Contract No. DTCG47-03-F-3EFK24 was entered into between your company and the Government for Design and Construct Prefabricated Cutter Support Building, Port Huron, MI. The contract award price was $582,641.00 with a contract completion date of November 20, 2004.

## SUMMARY OF CLAIM

Your claim letter of July 28, 2005, received via fax, demands payment of $118,950.68 plus interest for failure to pay invoice 12 and assessment of liquidated damages

## FINDINGS OF FACT

In connection with your claim, I hereby make the following findings of fact:

Throughout the Request for Proposal and contract award stage of the procurement process, Paragraph H.8 Liquidated Damages was included in the contract specifications. Never during clarification discussions and contract negotiations did you question the use of the Liquidated Damages Clause. In our forbearance letter of November 16, 2004 you were reminded that you would be assessed Liquidated Damages if all work was not completed by November 20, 2004. In response to your email of December 6, 2004 questioning use of the Liquidated Damages clause, we responded by letter dated December 7, 2004. We advised you that we had no record of any "exception" being taken by you regarding the Liquidated Damage clause being included in the contract requirements. You were also reminded that once the contract was awarded, you were bound by all the contract requirements including the Liquidated Damages clause. Our records indicate you were the sole cause of missing the contract completion date. Our records

EXHIBIT 1

show you were notified via email on September 7, 2004 that your 90% submittal was incomplete. On October 19, 2004 we issued a letter of concern regarding your progress on the project and your submittal submission issues. On November 16, 2004 our letter to you acknowledged your progress schedule which showed a late completion date of December 28, 2004. During the month of November there were numerous conversations, emails, and letters regarding when you would submit your 90% submittal. I have no documentation showing a government delay in this matter. In addition, your email on December 28, 2004 requested time due to winter conditions. We responded the same day via email that in order for us to consider your request you had to provide information on the cause of the delay, impact of the delay, and show that the weather conditions were severe in comparison with the normal expected weather during this time period. You were also cautioned that weather impacts were not applicable if the events occurred after the November 20, 2003 contract completion date. Our records indicate you did not submit information as requested.

Invoice 12 dated March 31, 2005 was returned to you unprocessed because the Liquidated Damage assessment was for 131 days totaling $77,159.00. Remaining work to be performed totaled more than the remaining invoice balance. Invoice 13 dated April 30, 2005 was submitted in the exact amount as returned invoice number 12. Invoice 13 was certified in the amount of $25,000.00 for outstanding work completed. On May 26, 2005 we took substantial completion of the facility and Liquidated Damages stopped. My records indicate that your total contract value is $ 529,271.47 of which $412,885.62 has been paid to you. A total of 186 days of liquidated damages have been assessed totaling $109,554.00 leaving a balance payable upon receipt of proper invoice totaling $6,831.85.

DECISION

Based on the above findings, there is no evidence to support your claim. You have provided no information showing why you are not responsible for the delay. Moreover, we are not aware of any event or occurrence that would excuse your later performance. Therefore, it is my final decision to deny your claim as it relates to this issue. I do not intend to reopen or reconsider this matter.

This is the final decision of the Contracting Officer. You may appeal this decision to the agency board of contract appeals. If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the agency board of contract appeals and provide a copy of the Contracting Officer from whose decision this appeal is taken.

The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number. With regard to appeals to the agency board of contract appeals, you may, solely at your election, proceed under the board's small claim procedure for claims of $50,000 or less or its accelerated procedure for claims of $100,000 or less. Instead of appealing to the agency board of contract appeals, you may bring an action directly to the United States Court of Federal Claims (except as provided in the Contract Disputes Act of 1978, 41 U.S.C. 603, regarding Maritime Contracts) within 12 months of the date you receive this decision.

Sincerely,

CATHY BROUSSARD
Contracting Officer