**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **K-CON BUILDING SYSTEMS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No.: 05-1054C** |
| **vs.** | ) | **(Judge Block)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **DEPARTMENT OF HOMELAND SECURITY,** | ) | |
| **UNITED STATES COAST GUARD,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ANSWER TO DEFENDANTS AMENDED ANSWER AND COUNTERCLAIM**

The Plaintiff answering the Defendant's Counterclaim would respectfully show unto this Honorable Court as follows:

1. The allegations contained in Paragraphs 1 through 25are responses and defenses to the Plaintiff's Amended Complaint, and require no responsive pleading.

2. In answering the Counterclaim, each and every allegation not specifically admitted is denied and strict proof is demanded thereof.

3. The allegations contained in Paragraph 26 are conclusions of law and require no responsive pleading; however, to the extent that any responsive pleading is required, the allegations are denied and strict proof is demanded thereof.

4. The allegations contained in Paragraphs 27 through 31 are denied.

5. The Plaintiff admits only so much of Paragraph 32 as the contract sets forth a liquidated damages amount and avers that the contract terms and conditions speak for themselves.

6. The Plaintiff admits only so much of Paragraph 33 as the contracting officer issued a

decision on September 12 assessing liquidated damages, which document speaks for itself. The Plaintiff specifically denies that any liquidated damages should be assessed.

7. The Plaintiff admits only so much of Paragraph 34 as the contracting officer's final decision stated that the building was substantially complete on May 26, 2005, and assessed liquidated damages. The Plaintiff affirmatively alleges that the building was substantially complete before May 26, 2005, and that no liquidated damages should be assessed.

8. The allegations contained in Paragraphs 35 and 36 are denied and strict proof is demanded thereof.

**<u>FOR A FIRST DEFENSE</u>**
(Breach of Contract)

9 The claims asserted by the Government are barred as a result of the Government's breach of the contract.

**<u>FOR A SECOND DEFENSE</u>**
(Failure to Mitigate Damages)

10. The claims are barred by the Government's failure to mitigate damages.

**<u>FOR A THIRD DEFENSE</u>**
(Waiver, Estoppel and Laches)

11. The claims by the Government are barred by the doctrine of waiver, estoppel and laches.

**<u>FOR A FORTH DEFENSE</u>**
(Set Off)

12. The claims by the Government, if any, must be set off against the additional amount owed to the Plaintiff as a result of changes by the Government,

**PEDERSEN & SCOTT, P.C.**

S/William A. Scott
William A. Scott, Esquire
775 St. Andrews Blvd.
Charleston, South Carolina 29407
(843) 556-5656
Fax (843) 556-5635
ATTORNEY FOR PLAINTIFF,
K-CON BUILDING SYSTEMS, INC.

Dated this 19th day of April, 2007.