**U.S. Department of Justice**

Civil Division

BGS:REChandler
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

Telephone: (202) 514-4678
Facsimile: (202) 514-8624

*Washington, DC 20530*

September 28, 2007

VIA ELECTRONIC MAIL

Mr. William Scott
Pedersen & Scott
775 St. Charles Blvd.
Charleston, SC 29407
Facsimile No: 843-556-5635

Re: K-Con Building Systems, Inc. v. United States, Fed. Cl. No. 05-1054

Dear Mr. Scott:

I am writing in response to your letter of September 4, 2007 regarding the above-captioned matter. While we appreciate your attempt to negotiate these issues, your letter, which followed our responses and objections to your second request for production, failed to respond to any of our objections. Bare assertions of entitlement such as the ones contained in your letter are not a productive means to resolve our discovery disputes and, in fact, serve only make discovery in this case unnecessarily complicated and costly for both sides. If we are to resolve these issues amicably and in good faith, your substantive engagement on these issues will be necessary.

As a measure demonstrating our good faith and desire to cooperate in discovery, we are producing, on the date of this letter, additional documents in this matter. The additional documents represent all of the non-privileged and as-yet-unproduced documents in the Coast Guard's official contract file. Please note that the documents are being produced in response to the Plaintiff's Second Set of Requests for Production of Documents (the "Second Request") without waiving the objections contained in our response thereto.

Your letter states your belief that "[i]t does not appear

that all documents were produced in response to Request No.'s [sic] 7, 8, 10, 11, 12, 15, 16, 17, 18, 19, 24, 25, 26, 27." We have produced non-privileged documents that are within the defendant's possession, custody or control and which are responsive to the requests in plaintiff's first request for the production of documents. We have undertaken all reasonable efforts to locate the documents you requested; if a document you expected to find is not found among the production set, then, it is because it does not exist, was otherwise not located during our investigation, we have asserted that the document is privileged or the document was not responsive to your request. We continue to search for documents responsive to your requests and will produce any additional responsive, non-privileged documents that are located.

Your letter also inquires as to whether the Government will produce additional documents in response to the Second Request. As you are aware, the Government served its written responses to the Second Request on August 21, 2007. In our responses, we agreed to provide documents responsive to a number of the categories in the Second Request, and objected to the remainder of the request on the grounds that it is overly broad, unduly burdensome, oppressive, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. We further noted that the request includes the language "but not limited to" in its preamble and, therefore, is limitless in scope.

Your letter, however, fails to address these objections. You make no attempt explain the relevance of the requested documents or to suggest ways in which your request might be narrowed so that it would no longer be unduly burdensome or overbroad. As I have explained to you previously, production of documents in response to the Second Request would require defendant essentially to start from scratch in its document production. This would be onerous and a waste of time and money, especially in light of the fact that the documents plaintiff is requesting are not relevant to this litigation. I have done my best to clearly articulate our position, but your letter does nothing to move us forward on this issue. We are willing to engage in good faith negotiations regarding the production of documents, but in order for that to occur it is incumbent upon the plaintiff to do more than point to its requests for

production.

You have also asserted that a number of items on our privilege log are not subject to the attorney-client privilege. As the result of our review, we have decided to produce documents 6, 24 and 25. In addition, we withdraw our claim of privilege with respect to document 47, but we will not produce the document because it is subject to our previously stated objections.[1] We continue to assert the privilege with respect to the remaining documents on our privilege log. I have provided additional detail as to each communication you contend is not privileged below in an attempt to elucidate the reasons for our assertion of the privilege. I note at the outset, however, that the brief tutorial you provided in your letter on the attorney-client privilege represents a clear misstatement of the law.

| | |
|---|---|
| 4 | The email contains legal advice from Coast Guard attorney Talbot Nicholas, which is being forwarded to Allen Lotz, Steve Allen and Eric Hanson. |
| 9 | The email requests information to be provided to counsel for the purpose of rendering a legal opinion. |
| 14 | The email forwards the legal advice of counsel. |
| 15 | The email forwards the legal advice of counsel. |
| 19 | The email contains information to be forwarded to counsel for the purpose of providing legal advice. |
| 20 | The email requests information to be provided to counsel for the purpose of rendering a legal opinion. |
| 23 | The email is a request by counsel for information necessary to render legal advice. |
| 26 | The email is a request by counsel for information necessary to render legal advice. |
| 27 | The email constitutes communication of counsel on the subject of the present litigation. |

[1] Document 47 is responsive only because plaintiff has requested all correspondence. It is not relevant to this litigation.

| | |
|---|---|
| 40 | The email requests information to be provided to counsel for the purpose of rendering a legal opinion. |
| 41 | The email forwards the legal advice of counsel. |
| 46 | This email contains a request for legal advice from counsel. |
| 48-51 | You have challenged our assertion of privilege with respect to certain communications between me and the Government's expert, Mr. McGrath, but your challenge is not convincing; the case you cite does not apply to this circumstance, in which we are asserting that (i) Mr. McGrath was acting as a consultative agent of the Department of Justice in the context of a the subject communications and (ii) that the scope of his prospective testimony is as-yet undefined because we have not received your client's expert report. |

The additional details above should make clear the basis for the Government's assertions of privilege. If you continue to believe that the documents are not subject to the attorney-client privilege, then please state in detail the reasons you object to our privilege assertion.

I hope the above responses make clear our intention to negotiate these discovery disputes in good faith. We note that a good faith negotiation demands more of plaintiff than the blanket assertions of entitlement that have been characteristic of its prior correspondence on these issues. If the plaintiff persists in seeking production of the subject documents, we would anticipate that before a motion to compel is filed that plaintiff would, at the very least, (i) explain the reasons that each of the categories of documents in plaintiff's second request for the production of documents is relevant to this case and (ii) describe in detail the reasons it believes that the Government

has erroneously asserted the attorney client privilege. So far, plaintiff has done neither. In addition, plaintiff might also do well to consider the places where it can narrow its unduly broad discovery requests.

Kind regards,

Robert E. Chandler
Trial Attorney